UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANNE FRANCES ZIEGENHORN,
    Plaintiff,

v.                            Case No.:  3:24cv345/TKW/ZCB

UNITED STATES OF AMERICA,
    Defendant.
    _____/

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights case filed under 42 U.S.C. § 1983. On July 22, 2024, Plaintiff initiated this action by paying a $52 filing fee for "miscellaneous papers" and filing a set of documents including a "Letter of Instruction in Equity," "Declaration of Trust for Estate," and "Praecipe to the Clerk." (Doc. 1). For the reasons stated herein, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice**.

On July 25, 2024, United States Magistrate Judge Hope Cannon transferred this case to the undersigned and noted multiple deficiencies with Plaintiff's initial filings. (Doc. 3).

First, Judge Cannon determined that Plaintiff's case could not proceed as a miscellaneous case because it is not an ancillary or supplementary proceeding. (*Id.* at 1). *See Wintons v. Sec'y, Dep't of Corr.*,

1

2018 WL 10140148, at *1 (M.D. Fla. Jan. 11, 2018) ("A miscellaneous case is not considered a civil case. It is an ancillary and supplementary proceeding not defined as a civil action."). Judge Cannon, therefore, ordered the Clerk to reopen Plaintiff's case as a civil case which was subsequently assigned to the undersigned.

Second, Judge Cannon noted that Plaintiff must file a complaint and either pay the full $405 filing fee or file a motion to proceed *in forma pauperis* to initiate a civil action. (Doc. 3 at 1-2). *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); N.D. Fla. Loc. R. 5.3 ("A party who files . . . a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed in forma pauperis under 28 U.S.C. § 1915.").

Third, Judge Cannon found that even if Plaintiff's filings were construed as a complaint, the filings were deficient under Fed. R. Civ. P. 8(a) for failing to include (1) a short and plain statement of the grounds for the Court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. (Doc. 3 at 3-4). Plaintiff additionally failed to establish that the Court has subject-matter jurisdiction over her claims. (*Id.* at 3-

2

4). *See Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014) (stating the party asserting jurisdiction has the burden of establishing the Court has: "(1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)"). Judge Cannon also pointed out that Plaintiff's filings appear to be associated with the sovereign citizen movement. (Doc. 3 at 3).

Judge Cannon's order was filed on July 25, 2024. In that order, Plaintiff was given twenty-one days to (1) pay the remaining balance of the $405 filing fee ($353) or file a motion to proceed *in forma pauperis*; and (2) file a complaint which complies with Fed. R. Civ. P. 8 and establishes the jurisdiction of this Court to hear Plaintiff's claims. (Doc. 3 at 3). Plaintiff's initial deadline was August 15, 2024.

That deadline passed, and Plaintiff did not pay the remainder of the filing fee, file a motion to proceed *in forma pauperis*, or file a complaint that complies with Fed. R. Civ. P. 8. On August 19, 2024, the undersigned ordered Plaintiff to show cause within fourteen days why this case should not be dismissed for failure to comply with an order of the Court. (Doc. 4). Plaintiff responded on August 27, 2024, stating that

she had health issues that prevented her from meeting the Court's deadline. (Doc. 5 at 1). Plaintiff's response also stated that Plaintiff "chose to stay focused on God" and "not get distracted by daily obligations such as checking, opening, and answering mail." (*Id.*). Plaintiff filed approximately forty pages of documents with her response including a UCC financing statement, an "affidavit of truth," a document stating "Court Cases – to be Free[]," and other various documents. (*Id.* at 5-41). Despite her health issues, Plaintiff requested "an In Chamber in Priavte (sic) meeting" and stated that "[n]ow, one is feeling so much better, one hopes the court will see in the exhibits attached, one needed to stay focused on Her Creator and now one can answer and give more evidence of the Ecclesiastical Trust and Estate Legacy Trust." (*Id.* at 1). Plaintiff's response did not include the unpaid remainder of the filing fee, a motion to proceed *in forma pauperis*, or a complaint that complies with Fed. R. Civ. P. 8.

Given Plaintiff's claim of health issues, the undersigned discharged the show cause order on August 30, 2024. (Doc. 6). Pursuant to the discharge order, Plaintiff was given an additional thirty days to (1) file a new complaint and (2) pay the remainder of the $405 filing fee ($353) or

4

file a motion to proceed in forma pauperis. (*Id.* at 2). Plaintiff's second deadline was September 30, 2024.

Plaintiff's second deadline passed, and Plaintiff did not pay the remainder of the filing fee, file a motion to proceed *in forma pauperis*, or file a complaint that complies with Fed. R. Civ. P. 8. On October 1, 2024, the undersigned ordered Plaintiff to show cause within fourteen days why this case should not be dismissed for failure to comply with an order of the Court. (Doc. 7). Plaintiff responded on October 7, 2024, stating that she had additional health issues. (Doc. 8 at 1). Plaintiff's response made statements similar to those in her response to the first show-cause order. Plaintiff "chose to stay focused on God" and, despite her claimed health issues, requested "an In Chamber in Priavte (sic) meeting." (*Id.*). Plaintiff described sending correspondence to "Secretary of Treasury Janet Yellen and Commander and Chief (sic) received via Attorney General Merrick Garland." (*Id.*). Plaintiff also stated that "the document [Plaintiff] had originally placed on miscellaneous was meant to be filed just the same as Pennsylvania, yet the clerks in Florida kept asking for this type of cover page. One only wished to have a miscellaneous recording, certified copy." (*Id.* at 1-2). Plaintiff's response did not include

5

the unpaid remainder of the filing fee, a motion to proceed *in forma pauperis*, or a complaint that complies with Fed. R. Civ. P. 8.

Plaintiff has a demonstrated history of failing to comply with the Court's orders. Plaintiff has had three cases in this Court dismissed in for Plaintiff's failure to comply with Court orders. In April 2022, the Court dismissed a case filed by Plaintiff for her repeated failure to comply with orders to file an amended complaint. ((*See* 3:21cv01800/MCR/EMT, Docs. 14, 16) (noting Plaintiff's filings as being "nonsensical" and "sovereign citizen-type filings")). In March 2023, the Court dismissed a case filed by Plaintiff for her failure to comply with the Court's order to file an amended complaint. (*See* 3:22cv05981/RV/ZCB, Docs. 13, 14). In August 2023, the Court dismissed a case filed by Plaintiff for her failure to comply with the Court's order to file an amended complaint. ((*See* 3:23cv12134/MCR/HTC, Docs. 8, 11) (noting the "nonsensical" nature of Plaintiff's filings)).

Plaintiff has been given almost three months to file a complaint and pay the remainder of the filing fee or file a motion to proceed *in forma pauperis*. Aside from responding to the two show-cause orders, it does not appear that Plaintiff has made any progress towards complying with

6

the Court's orders (Docs. 3, 6). And Plaintiff's history of failing to comply with the Court's orders demonstrates she is unlikely to comply in the future.

If the undersigned were to discharge the show-cause order (again), the Court has no confidence that Plaintiff will file a new complaint, file a motion to proceed *in forma pauperis*, or even pay the remainder of the filing fee. As has happened twice already in this case (and repeatedly in the prior cases cited above), Plaintiff will likely not file anything by the deadline, and this case will continue to languish on the docket. Although Plaintiff has referenced health issues, the Court is unconvinced that the issues Plaintiff references would have prevented her from complying with the Court's simple instructions. Plaintiff has not been ordered to comply with an arduous discovery request nor has Plaintiff been ordered file pretrial documents. Plaintiff has simply been ordered to file a complaint and pay the remainder of the filing fee or file a motion to proceed *in forma pauperis*.[1] Plaintiff, however, has repeatedly failed to do so. *See* Fed. R.

---

[1] Court-approved forms for filing *pro se* civil complaints and motions to proceed *in forma pauperis* have been sent to Plaintiff multiple times (Doc. 3 at 3, Doc. 6 at 2) and are publicly available on the Court's website at https://flnd-admin.jdc.ao.dcn/forms/all-forms/pro_se_general.

Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (holding that, under the Rule, "[t]he district court may dismiss a claim [sua sponte] if the plaintiff fails to . . . comply with a court order"); *see also Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) ("dismissal upon disregard of an order, especially where the [plaintiff] has been forewarned, generally is not an abuse of discretion").[2]

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the Court. *See* N.D. Fla. Loc. R. 41.1 (authorizing dismissal if a "party fails to comply with an applicable rule or a court order"); *see also Duong Thanh Ho v. Costello*, 757 F. App'x 912, 914-15 (11th Cir. 2018) (affirming dismissal where *pro se* plaintiff failed to file an amended complaint as directed).

At Pensacola, Florida, this 10th day of October 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

[2] It bears noting that the allegations in the document (Doc. 1) Plaintiff has filed in this case are entirely nonsensical.

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.